IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW GONZALES,

        Plaintiff,

v.                                                  CIV 13-0616 LH/KBM

JOSEPH GARCIA, et al.,

        Defendant(s).

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (*Doc. 9*) ("Application"). As Plaintiff is no longer in State Custody, the Court instructed Defendants to prepare supplemental briefing on the mootness of Plaintiff's Application which was completed on November 27, 2013. Plaintiff filed his response on January 10, 2013. Plaintiff additionally filed a Motion for Extension of Time for Petitioner to File an Amended Reply to Respondents['] Supplemental Briefing (*Doc. 36*). The Court, having reviewed the submissions of the parties, the relevant law, and being fully advised in the premises, finds that Plaintiff's Application is moot and will be dismissed.

Plaintiff has been fully discharged from his judgment and sentence. *See Doc. 34-1*; *Doc. 34* at 3, n.3, n.4. While he was incarcerated, Plaintiff filed a petition for habeas corpus challenging his conviction for driving while under the influence of intoxicating liquor and/or drugs in violation of NMSA 1978, § 66-8-102(D)(3) ("DWI"). Generally, a habeas petitioner must claim that he is "in custody in violation of the Constitution" to

have standing to bring his petition. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998). To preserve a habeas petition after release, the petitioner bears the burden of demonstrating a specific, continuing injury. *Romero v. Goodrich*, 480 Fed. App'x 489, 492 (10th Cir. 2012). There is a presumption that a wrongful criminal conviction carries collateral consequences, which could constitute a continuing injury. S*ee United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000); *Carafas v. LaVallee*, 391 U.S. 234, 237-38 (1968). However, a habeas petition may be mooted upon release when there is no material possibility that the petitioner would suffer collateral consequences on the basis of the challenged conviction. *Burdon v. Walker*, 453 F. Supp. 2d 594, 600 (N.D.N.Y. 2006) *quoting Perez v. Greiner*, 296 F3d 123, 125 (2nd Cir. 2002).

At Plaintiff's sentencing, the state district judge expressly found that the DWI conviction Plaintiff now challenges was at least Plaintiff's seventh DWI. Under NMSA 1978 § 66-8-102(G), upon a fourth conviction of DWI, an offender is guilty of a fourth-degree felony. Thus, the most drastic consequences stemming from conviction under New Mexico's DWI statute attach under the fourth conviction. See NMSA 1978, § 66-8-102(G), (N)(4), and (O). Therefore, Plaintiff has not established a material possibility that he will suffer collateral consequences attributable to the conviction he challenges in this case. Any such consequences would have attached long ago. As Plaintiff cannot establish that he continues to suffer collateral consequences as a result of the conviction he currently challenges, his Application became moot upon his release.

In an effort to sustain his Petition, Plaintiff makes claims in his response that he has not made in any court and reiterates claims in his original Application, none of which provide Plaintiff standing to sustain his Application.

IT IS THEREFORE ORDERED that Plaintiff's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (*Doc. 9*) is denied as moot.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time for Petitioner to File an Amended Reply to Respondents['] Supplemental Briefing (*Doc. 36*) is also denied as moot. A final order pursuant to Rule 58 dismissing this case with prejudice will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE